19-3750
Wang v. Garland

BIA
Douchy, IJ
A074 078 192
A056 214 690

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of April, two thousand twenty-two.

PRESENT:
RICHARD J. SULLIVAN,
WILLIAM J. NARDINI,
EUNICE C. LEE,
*Circuit Judges.*
_____

XUHUA WANG, GUO FU ZHAO,
*Petitioners,*

v.                                                          19-3750
                                                            NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
*Respondent.*
_____

**FOR PETITIONERS:**       Gary J. Yerman, Esq., New York, NY.

**FOR RESPONDENT:**       Jeffrey Bossert Clark, Acting Assistant
Attorney General; Anthony C. Payne,
Assistant Director; Alexander J. Lutz, Trial
Attorney, Office of Immigration Litigation,
United States Department of Justice,
Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Petitioners Xuhua Wang and Guo Fu Zhao, natives and citizens of the People's Republic of China, seek review of an October 21, 2019 decision of the BIA affirming a March 16, 2018 decision of an Immigration Judge ("IJ") denying petitioners' asylum claims as time-barred, granting withholding of removal to Wang, and denying withholding and protection under the Convention Against Torture ("CAT") to Zhao. *In re Xuhua Wang, Guo Fu Zhao*, Nos. A074 078 192/056 214 690 (B.I.A. Oct. 21, 2019), *aff'g* Nos. A074 078 192/056 214 690 (Immig. Ct. N.Y. City Mar. 16, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA. *See Xue Hong*

2

*Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). We review the agency's factual findings for substantial evidence, and we review questions of law de novo. *See* 8 U.S.C. § 1252(b)(4)(B); *Wei Sun v. Sessions*, 883 F.3d 23, 27 (2d Cir. 2018).

**I.     Wang's Asylum Application**

An asylum application generally must be filed within one year of entry. 8 U.S.C. § 1158(a)(2)(B). An application may be considered past the one-year deadline "if the alien demonstrates to the satisfaction of the Attorney General either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay," *id.* § 1158(a)(2)(D), and the application is filed "within a reasonable period given those 'changed circumstances,'" 8 C.F.R. § 1208.4(a)(4)(ii), (a)(5). Extraordinary circumstances include an applicant's having "lawful immigrant or nonimmigrant status, or [being] given parole, until a reasonable period before the filing of the asylum application." 8 C.F.R. § 1208.4(a)(5)(iv). This Court's jurisdiction to review the timeliness finding or whether an application was filed within a reasonable time of the changed or extraordinary circumstances is limited to "constitutional claims or questions of law." *See* 8 U.S.C. §§ 1158(a)(3),

1252(a)(2)(D).

The agency concluded that the decision by U.S. Citizenship and Immigration Services ("USCIS") to cancel Wang's fraudulent naturalization certificate in July 2012 was a changed circumstance, but that her November 2014 application was not filed within a reasonable time of that date. Wang's only exhausted challenge to this conclusion concerns factual issues that we lack jurisdiction to review. She argues that the agency erred in finding her asylum application time-barred because (1) it would have been unreasonable for her to apply for asylum prior to April 2013 because she was appealing the USCIS decision within DHS and still arguing that she was a citizen, and (2) she reasonably believed that she was a lawful permanent resident until February 2014, when she was served with the notice to appear placing her in removal proceedings. As part of this second argument, she contends that USCIS violated her right to due process by not notifying her that her permanent resident status was revoked, and that lack of notice implied that she was a lawful permanent resident.

Wang's first argument does not present a constitutional or legal issue sufficient to involve our jurisdiction. *See* 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006). And we do not

4

consider Wang's second argument because, as the BIA correctly found, she did not exhaust this argument before the IJ. *See Prabhudial v. Holder*, 780 F.3d 553, 555 (2d Cir. 2015) ("[T]he BIA may refuse to consider an issue that could have been, but was not, raised before an IJ."); *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107 n.1, 120–22 (2d Cir. 2007) (holding that, although issue exhaustion is not a jurisdictional requirement, it is "mandatory"). When an IJ asked Wang's counsel in November 2014 whether Wang and Zhao were lawful permanent residents, counsel replied that they were not—their "naturalization . . . status was rescinded completely, so they [were] not in any status." Wang did not assert in her testimony or application that she was, or believed herself to be, a lawful permanent resident *after* her naturalization certificate was canceled in July 2012.

In sum, Wang has not exhausted a constitutional claim or question of law regarding the agency's determination that her circumstances changed in July 2012, and she does not otherwise identify a colorable question of law regarding the agency's finding that her more than two-year delay in filing after that date was unreasonable. Accordingly, we dismiss the petition insofar as it challenges the denial of Wang's asylum claim as time-barred. *See* 8 U.S.C. § 1158(a)(2), (3).[1]

---

[1] We do not reach whether Wang knowingly participated in fraud, because that determination

5

**II.    Zhao's Withholding and CAT Claims**

Zhao does not challenge the denial of his asylum claim as time-barred but argues that he established eligibility for withholding of removal and CAT relief based on harm he suffered or will suffer because of his resistance to China's family planning policy.   We review the agency's factual findings under the "exceedingly narrow" substantial evidence standard and "will uphold the BIA's decision unless the petitioner demonstrates that the record evidence was so compelling that no reasonable factfinder could fail to find him eligible for relief."   *Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 159 (2d Cir. 2005) (quotation marks and brackets omitted).

The agency denied withholding of removal and CAT protection, in relevant part, because (1) Zhao did not establish a nexus between the alleged harm and his political opinion, as required for withholding of removal, and (2) he did not establish the requisite likelihood of torture for CAT relief.[2]   These findings are

was relevant only to the IJ's alternative denial of asylum as a matter of discretion.   *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

[2] The agency also determined that the past harm Zhao alleged did not amount to persecution, but we do not reach this issue because the nexus determination is dispositive.   *See Bagamasbad*, 429 U.S. at 25.

supported by substantial evidence.

First, Zhao did not allege that he personally resisted the family planning policy, as necessary to establish a nexus between his alleged persecution and his political opinion. *See* 8 U.S.C. §§ 1101(a)(42) (stating that a person "who has been persecuted for . . . resistance to a coercive population control program, shall be deemed to have been persecuted on account of political opinion"), 1231(b)(3); 8 C.F.R. § 1208.16(b)(2); *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305–08 (2d Cir. 2007) (per curiam). To the extent he argues on appeal that his and Wang's decision to have a child in contravention of the family planning policy was a political act, we have rejected such an argument. *Shi Liang Lin*, 494 F.3d at 308.

Second, Zhao did not establish a likelihood of torture as necessary to merit CAT relief. A CAT applicant bears the burden of proof to show that he will "more likely than not" be tortured. 8 C.F.R. § 1208.16(c)(2). "Torture is an extreme form of cruel and inhuman treatment . . . specifically intended to inflict severe physical or mental pain or suffering." 8 C.F.R. § 1208.18(a)(2), (5). Zhao now asserts that he will be sent to a labor camp in China for not paying a fine of 1,000 renminbi, which was allegedly imposed on him and Wang for violating the family planning policy. However, neither of these allegations appears in the record

7

before the agency. While Wang and Zhao alleged that they lost bonuses and some of Wang's salary was docked for violating the family planning policy, neither asserted that they were fined or failed to pay any fine. Nor did Zhao assert a fear of being sent to a labor camp, or allege that any other form of torture was likely. Accordingly, the agency did not err in denying CAT relief.

For the foregoing reasons, the petition for review is DISMISSED as to Wang's asylum claim and DENIED as to Zhao's claims. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court